# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# DELTA DIVISION

**MARSHUN D. STEWART**                                                     **PETITIONER**

**vs.**                                                **CAUSE NO.: 2:09CR157-MPM-DAS-1**

**UNITED STATES OF AMERICA**                                      **RESPONDENT**

## ORDER DENYING PETITIONER'S MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE PURSUANT TO 28 U.S.C. § 2255

Petitioner is a federal prisoner who is proceeding pro se on a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. Having considered the motion and the record, the Court **DENIES** the motion, for the reasons that follow.

### Background

Following a jury trial, Petitioner was found guilty of failing to register as a sex offender as required by 18 U.S.C. § 2250(a) and was subsequently sentenced on August 26, 2010, to sixty months imprisonment for the crime. Petitioner appealed his conviction and sentence to the Fifth Circuit Court of Appeals, which affirmed the judgment. *See United States of America v. Stewart*, 466 Fed.Appx. 340 (5th Cir. 2012). On or about August 31, 2012, he filed the instant motion requesting that the Court relocate him to Denver, Colorado, where he will live with his fiancee upon his release from prison.

### Discussion

A motion brought pursuant to § 2255 is a "means of collateral attack on a federal sentence." *Cox v. Warden, Federal Detention Ctr.*, 911 F.2d 111, 1113 (5th Cir. 1990) (citation omitted). Section 2255 is the vehicle for a challenge to a federal prisoner's sentence, as it addresses claims "that the sentence was imposed in violation of the Constitution or laws of the

United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack[.]" 28 U.S.C. § 2255; *see also Jiminan v. Nash*, 245 F.3d 144, 146-47 (2nd Cir. 2001). A district court must summarily dismiss a § 2255 motion if it is plain from the face of the motion, attached exhibits, and record that the movant is not entitled to relief. *See* Rule 4(b), Rules Governing Section 2255 Proceedings for the United States District Courts.

In this case, summary dismissal is warranted because a § 2255 motion is not the proper means by which to seek a relocation or transfer. "[A] district court has no power to *dictate* or *impose* any place of confinement for the imprisonment portion of the sentence. Rather, the power to determine the location of imprisonment rests with the Bureau of Prisons." *United States v. Serafini*, 233 F.3d 758, 778 n.23 (3rd Cir. 2000); *United States v. Voda*, 994 F.2d 149, 151-52 (5th Cir. 1993) (observing that "only the Bureau of Prisons has the actual authority to designate the place of incarceration"); *see also* 18 U.S.C. § 3621(b).

The Court otherwise notes that a prisoner generally has no constitutional right to be confined at any particular institution. *See Olim v. Wakinekona*, 461 U.S. 238, 245-46 (1983); *Tighe v. Wall,* 100 F.3d 41, 42 (5th Cir. 1996). The Due Process Clause does not confer upon an inmate a protected liberty or property interest in his housing. *See Meachum v. Fano*, 427 U.S. 215, 225 (1976); *Moody v. Baker*, 857 F.2d 256, 257-58 (5th Cir. 1988). Accordingly, this action will be dismissed.

## Certificate of Appealability

An appeal cannot be taken from a final order adverse to a habeas applicant unless a certificate of appealability issues. 28 U.S.C. § 2253(c)(1)(A). Although Petitioner has not filed a notice of appeal, this Court must "issue or deny a certificate of appealability when it enters a final

order adverse to the applicant." Rule 11, § 2255 Rules.  A COA will issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The Court finds that Petitioner has not made such a showing, and a COA will not issue.

## Conclusion

Petitioner is not entitled to relief under 28 U.S.C. § 2255, and his pending motion (doc. entry no. 65) is **DENIED** without prejudice.  A certificate of appealability from this decision is **DENIED**.  The Court will enter final judgment by separate order.

**THIS** the 27th day of September, 2012.

/s/ Michael P. Mills
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF MISSISSIPPI**